UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MARIE BALL, | : | Civil No. 1:12-cv-857 |
| Plaintiff | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JUDGE MARTIN CARLSON, | : | |
| Defendants | : | |

## MEMORANDUM ORDER

On May 2, 2012, Plaintiff Dawn Marie Ball filed a complaint against Magistrate Judge Martin Carlson and a motion for leave to proceed in forma pauperis. (Doc. No. 1; Doc. No. 2.) For the reasons stated more fully herein, the Court will dismiss Plaintiff's complaint with prejudice.

**I.  BACKGROUND**[1]

Plaintiff is a frequent litigant in federal court who currently has in excess of twenty cases pending before this Court.[2] See Ball v. SCI Muncy, No.1:08-CV-700 (M.D. Pa.); Ball v. SCI Muncy, No. 1:08-CV-701 (M.D. Pa.); Ball v. Hill, No.1:09-CV-773 (M.D. Pa.); Ball v. Beard, No. 1:09-CV-845 (M.D. Pa.); Ball v. Lamas, No. 1:09-CV-846, (M.D. Pa.); Ball v. Oden, No. 1:09-CV-847 (M.D. Pa.); Ball v. Bower, No. 1:10-CV-2561 (M.D. Pa.); Ball v. Sisley, No.

---

[1] In reviewing the motion to dismiss, the Court will accept Plaintiff's factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir.2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Accordingly, all background facts are drawn from Plaintiff's complaint.

[2] For purposes of providing context to the present suit, the Court cites to the cases Plaintiff references in her complaint.  See McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (noting that in ruling on a motion to dismiss "a court may take judicial notice of a prior judicial opinion").

1

1:11-CV-877 (M.D. Pa.); <u>Ball v. Struther</u>, No. 1:11-CV-1265 (M.D. Pa.); <u>Ball v. Hummel</u>, No. 1:11-CV-1422 (M.D. Pa.); <u>Ball v. Beckley</u>, No. 1:11-CV-1829 (M.D. Pa.); <u>Ball v. Sipe</u>, No. 1:11-CV-1830 (M.D. Pa.); <u>Ball v. Craver</u>, No. 1:11-CV-1831 (M.D. Pa.); <u>Ball v. Powley</u>, No. 1:11-CV-1832 (M.D. Pa.); <u>Ball v. Cooper</u>, No. 1:11-CV-1833 (M.D. Pa.); <u>Ball v. Famiglio</u>, No. 1:11-CV-1834 (M.D. Pa.); <u>Ball v. Eckroth</u>, No. 1:11-CV-2238 (M.D. Pa.); <u>Ball v. Campbell</u>, No. 1:11-CV-2239 (M.D. Pa.); <u>Ball v. Barr</u>, No. 1:11-CV-2240 (M.D. Pa.); <u>Ball v. Giroux</u>, No. 1:12-CV-10 (M.D. Pa.); <u>Ball v. Giroux</u>, No. 1:12-CV-11 (M.D. Pa.); <u>Ball v. Curham</u>, No. 1:12-CV-12 (M.D. Pa.). To assist this Court in the management of these cases, the Court has referred these actions to Judge Carlson for the resolution of any pretrial matters and for the purpose of preparing Reports and Recommendations.

On May 2, 2012, Plaintiff filed a complaint styled as a complaint pursuant to 42 U.S.C. § 1983 against Judge Carlson. Plaintiff alleges, in full:

> Since this Judge been assigned to my cases w/out my agreement, he has slandered my name and stated lies about me and hurt my cases. He is prejudice against me because I am a inmate. He lied and said things I did not say, and played word games w/ my complaint to help the defendants and harm my cases. He tried and did make me look bad. See all his orders, opinions and Report and Recommendations. And he helped defendant in what to say to help win their cases I have on them.

(Doc. No. 1.)

## II.  STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A:

> (a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

>   (b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>>   (2) seeks monetary relief from a defendant who is immune from such relief.

In determining whether a complaint fails to state a claim pursuant to Section 1915A, courts apply the same standards as they would for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum, 361 F.3d at 221 n.3.  The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law.  Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).  Indeed, the Supreme Court has held that while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-32 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

**III.   DISCUSSION**

Upon review of the complaint, the Court must conclude that dismissal is warranted for failure to state a claim against Judge Carlson because, even assuming that Plaintiff's allegations are true, Judge Carlson would be entitled to judicial immunity for all the claims raised by Plaintiff.

A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts. Mireles v. Waco, 502 U.S. 9, 12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citation omitted). Plaintiff's complaint makes clear that each allegation against Judge Carlson refers to his conduct in the handling of her cases. The judicial acts, done within the scope of his authority, are not properly the subject of a suit in damages.

To the extent Plaintiff seeks only injunctive relief pursuant to Section 1983, the Court notes that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.[3] Plaintiff's complaint

---

[3] Although styled as a Section 1983 suit, Plaintiff's claim is against a federal official and is thus properly construed as a Bivens suit. This does not, however, alter the Court's analysis as the rules regarding judicial immunity do not distinguish between lawsuits brought against state officials pursuant to Section 1983 and Bivens actions brought against federal officials. Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 433 n.5 (1993).

seeks injunctive relief against Judge Carlson solely for actions in his judicial capacity. Moreover, Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief is unavailable. Accordingly, Plaintiff is not entitled to injunctive relief against Judge Carlson. Because Plaintiff's claims are squarely foreclosed by judicial immunity, the Court finds that granting Plaintiff leave to amend would be futile.

**ACCORDINGLY**, on this 14th day of May 2012, **IT IS HEREBY ORDERED THAT** Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is **GRANTED** and Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. The Clerk of Court is directed to close the case.

S/ Yvette Kane
Chief Judge Yvette Kane
United States District Court
Middle District of Pennsylvania